FILED

2009 OCT 21 PM 3:14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ____________

Anne Richardson, Esq. [S.B. #151541]
Radhika Sainath, Esq. [S.B. #259318]
HADSELL STORMER KEENY
RICHARDSON AND RENICK LLP
128 North Fair Oaks Avenue
Pasadena, California 91103-3664
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TRACY CARTER; ENMA DELEON; JACKIE GENTRY; GRACE LERIGET; GLENDA MEDLOCK; MIRIAM MENDOZA; NICOLE MERCIER; MICHELLE MINJAREZ; and PABLO SANCHEZ,

Plaintiffs,

vs.

COUNTY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF PUBLIC WORKS; MIKE CHOLOKIAN; and DOES 1 through 10,

Defendants.

Case No: CV09 07656 DDP (Ex)

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. **Fourth Amendment to the United States Constitution; 42 U.S.C. § 1983;**
2. **California Constitution Art. I, § 1;**
3. **Common Law Invasion of Privacy**
4. **Intentional Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiffs Tracy Carter, Enma DeLeon, Jackie Gentry, Grace Leriget, Glenda Medlock, Miriam Mendoza, Nicole Mercier, Michelle Minjarez and Pablo Sanchez worked for dispatchers for the County of Los Angeles Department of Public Works. In October 2008, the County secretly installed a hidden camera in the dispatch room where plaintiffs work, eat and change their clothes. For approximately three months, the County captured plaintiffs on videotape in various states of undress and other private activities. Defendants' actions constitute a grievous violation of the right to privacy guaranteed by the United States Constitution, the California Constitution, and state common law for which plaintiffs are entitled to general, exemplary and punitive damages.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (civil rights) and 28 U.S.C. § 1367 (supplemental jurisdiction). Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) in that the wrongs alleged herein occurred within the County of Los Angeles, within the Central District.

## PARTIES

3. PLAINTIFFS Tracy Carter, Enma DeLeon, Jackie Gentry, Grace Leriget, Glenda Medlock, Miriam Mendoza, Nicole Mercier, Michelle Minjarez and Pablo Sanchez ("Plaintiffs") are, and were, at all times relevant, residents of Los Angeles County or San Bernardino County. At all times relevant, PLAINTIFFS were employees of the Department of Public Works. PLAINTIFFS all performed work as dispatchers in Information Technology Division's dispatch room.

4. PLAINTIFF TRACY CARTER is a Dispatcher with the Department of Public Works. Upon information and belief, Ms. Carter appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

5. PLAINTIFF ENMA DELEON is a Dispatcher with the Department of

Public Works. Upon information and belief, Ms. DeLeon appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

6. PLAINTIFF JACKIE GENTRY is a Dispatcher with the Department of Public Works. Upon information and belief, Ms. Gentry appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

7. PLAINTIFF GRACE LERIGET worked as a Dispatcher with the Department of Public Works. Upon information and belief, Ms. Leriget appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

8. PLAINTIFF GLENDA MEDLOCK is a Dispatcher with the Department of Public Works. Upon information and belief, Medlock appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

9. PLAINTIFF MIRIAM MENDOZA worked as a Dispatcher with the Department of Public Works. Upon information and belief, Ms. Mendoza appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

10. PLAINTIFF NICOLE MERCIER worked as a Dispatcher with the Department of Public Works. Upon information and belief, Ms. Mercier appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

11. PLAINTIFF MICHELLE MINJAREZ is a Dispatcher with the Department of Public Works. Upon information and belief, Ms. Minjarez appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

12. PLAINTIFF PABLO "PAUL" SANCHEZ is a Dispatcher with the Department of Public Works. Upon information and belief, Mr. Sanchez appears on the videotapes secretly recorded by defendants in the dispatch room of the Department of Public Works.

13. Defendant COUNTY OF LOS ANGELES was and is a legal political entity

established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by a duly elected Board of Supervisors and/or their agents and officers. At all times relevant herein for all purposes connected with management of the Department of Public Works, defendant County of Los Angeles acted directly through Building Manager Mike Cholokian and Does 1 through 10 inclusive.

14. DEFENDANT LOS ANGELES DEPARTMENT OF PUBLIC WORKS ("DPW") is a subdivision and agency of the County of Los Angeles. The DPW is an operating department of the County and charged with the responsibility of providing effective public works services for the County of Los Angeles.

15. DEFENDANT MIKE CHOLOKIAN was at all times relevant a Building Manager for the Department of Public Works. Mike Cholokian is sued individually and in his official capacities.

16. DEFENDANT DOES 1 through 10, ("DOES") inclusive, are not known or identified at this time. On information and belief, PLAINTIFFS allege that each DOE is in some manner responsible for the wrongs alleged herein, and that each such defendant advised, encouraged, participated in, ratified, directed or conspired to do the wrongful acts alleged herein. When the true names and capacities of said defendants become known, plaintiffs will seek relief to amend this Complaint to show their true identities in place of their fictitious names as DOES 1 through 10.

## FACTS COMMON TO ALL CLAIMS

17. Plaintiffs have at all times relevant to this complaint been employees of the defendant County.

18. On approximately October 9, 2008, the County secretly installed a hidden surveillance camera in the Los Angeles Department of Public Works Information Technology Division's Dispatch Room (the "dispatch room").

19. The surveillance camera was concealed in a smoke detector in the ceiling of the dispatch room. The surveillance camera was connected to a video tape recorder

located outside the dispatch room.

20. The camera was installed under the supervision and authority of individuals in Human Resources: Mike Cholokian, the Building Manager; and Isaac Gindi, Information Technology Department Division Chief. The camera recorded plaintiffs while they worked, changed and engaged in other private activity in the dispatch room.

21. Prior to the discovery of the camera, plaintiffs believed that the dispatch room was private and not subject to monitoring by anyone. Plaintiffs reasonably believed that they could not be seen by anyone who was not in the dispatch room at the time. Plaintiffs conducted themselves accordingly by using the dispatch room to change clothes, engage in personal phone calls, and the like.

22. The dispatch room is staffed twenty-four hours a day with dispatchers who handle emergency calls. Dispatchers who work after-hours are not permitted to leave the room other than to use the restroom. The dispatch room has assigned lockers where dispatchers may store their belongings, and a small kitchen area with a fridge so that dispatchers may eat during their shifts without leaving the room.

23. The dispatch room is not open to members of the public and is accessible by door with an electronic lock. The door automatically locks every weekday at 5:00 p.m. and is locked every weekend. During the swing/graveyard shift (from about 5:15 p.m. until about 6:00 a.m.), there is typically only one dispatcher working in the dispatch room. At other times, there are anywhere from two to four dispatchers working in the dispatch room.

24. When plaintiffs worked in the dispatch room, particularly when they worked alone on the swing/graveyard shift, they often engaged in private activities. These activities included changing their clothes at the beginning or end of their shifts. When plaintiffs worked alone in the dispatch room, they believed that their activities were not being observed by anyone.

25. On approximately December 11, 2008 dispatcher Amber Richards discovered the hidden surveillance camera inside of the smoke detector. She asked

maintenance to remove the camera. The following day, she called the police to report that she found a hidden camera.

26. On December 16, 2008, plaintiffs filed a union grievance regarding the camera.

27. On December 23, 2008, Ms. Richards was called into Human Resources and interrogated about various topics that apparently had been seen while she was being recorded by the hidden camera.

28. Plaintiffs have at all times relevant to this action conducted themselves in a manner consistent with an actual expectation of privacy in the dispatch room. The plaintiffs at no time consented or waived their expectation of privacy.

29. The defendants, in committing the acts complained of herein, acted pursuant to a policy, practice or custom of the County of Los Angeles. At all times, the defendants were aware, or should have been aware, of their acts were in violation of the law.

30. At all times relevant to this action, the defendants acted without legal justification in installing the camera and/or in the scope of the video recording.

31. By reason of the aforementioned acts of defendants, plaintiffs suffered anxiety, anguish, humiliation, and emotional distress, in an amount according to proof.

32. Defendants Mike Cholokian and Does 1-10 acted despicably, with the intent to harm, oppress and deprive plaintiffs of their rights under the United States and California Constitutions, and the common law right to privacy entitling plaintiffs to punitive damages in an amount to be proven at trial.

33. Plaintiffs are entitled to an award of reasonable attorneys' fees as allowed by law, including, without limitation, under 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5.

34. Plaintiffs filed tort claims against all Defendants, under California Government Code § 900 *et seq.* with the County of Los Angeles on June 9, 2009 alleging violations of the law right to privacy. By letter dated June 19, 2009, the County rejected

the claims for activities occurring before December 9, 2009 on the grounds that the claims were filed more than 6 months after they occurred. However, as alleged herein, plaintiffs did not discover the hidden camera until December 10, 2008, and their claims accrued as of that date. The County is still investigating claims for conduct on or after December 10, 2009 and has not yet issued a notice of denial.

## FIRST CAUSE OF ACTION

**Fourth Amendment to the United States Constitution; 42 U.S.C. § 1983**

**(Plaintiffs v. All Defendants)**

35. Plaintiffs re-allege and incorporate herein all the allegations in the preceding paragraphs.

36. Plaintiffs had a reasonable expectation of privacy while engaged in regular and usual conduct for a private dispatch room, in that they reasonably believed that they were free from observation by those not present in the dispatch room and were not subject to video surveillance or recording. Plaintiffs' privacy interest is one recognized by the relative customs of the time and place, the occupation of the plaintiffs and the habits of society.

37. Plaintiffs also had a subjective expectation of privacy while engaged in regular and usual conduct for a dispatch room after hours, in that they each believed that they were free from observation by those not present in the dispatch room and were not subject to video surveillance or recording.

38. Defendants, by installing video surveillance in the dispatch room and secretly recording video images of plaintiffs as alleged herein, violated the plaintiffs' right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, and are therefore liable to plaintiffs under 42 U.S.C. § 1983.

39. The conduct complained of herein was undertaken pursuant to the policies, practices and customs of the Los Angeles Department of Public Works, an agency of the County of Los Angeles, and was sanctioned and approved by each of the

individual named defendants, including the Doe defendants.

40. Defendants, acting under color of state law and through their policies, practices and customs, deprived plaintiffs of rights, privileges, and immunities secured by the Constitution and laws of the United States under the Fourth Amendment, by subjecting them, or through their deliberate indifference allowing others to subject them to unreasonable searches and seizures.

41. As a result of the aforementioned acts, plaintiffs were injured as set forth above and are entitled to compensatory damages against all Defendants.

42. Defendants Mike Cholokian and Does 1-10 acted despicably, with the intent to harm, oppress and deprive plaintiffs of their rights under the United States and California Constitutions, and the common law right to privacy entitling plaintiffs to punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### California Constitution Art. I, § 1

### (Plaintiffs v. All Defendants)

43. Plaintiffs re-allege and incorporate herein all the allegations in the preceding paragraphs.

44. Plaintiffs maintained at all times relevant to this action, a specific, legally protected privacy interest. That interest is to be free from invasions of privacy, including secret video monitoring and recording, while engaged in conduct usual and regular for a private dispatch room.

45. Plaintiffs had a reasonable expectation of privacy while engaged in regular and usual conduct for a dispatch room, in that they reasonably believed that they were free from observation by those not present in the dispatch room and were not subject to video surveillance or recording. Plaintiffs' privacy interest is one recognized by the relative customs of the time and place, the occupation of the plaintiffs and the habits of society.

46. The defendants' conduct, as alleged herein, constitutes an egregious breach

of social norms underlying the privacy right and a serious invasion of plaintiffs' privacy.

47. Defendants, by installing video surveillance in the dispatch room and secretly recording video images of plaintiffs, including some images of plaintiffs in ranging states of undress as alleged herein, invaded said privacy right as protected by the Constitution of the State of California, Article I, Section 1.

48. As a result of the aforementioned acts, plaintiffs were injured as set forth above and are entitled to compensatory damages against all Defendants.

49. Defendants Mike Cholokian and Does 1-10 acted despicably, with the intent to harm, oppress and deprive plaintiffs of their rights under the United States and California Constitutions, and the common law right to privacy entitling plaintiffs to punitive damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

**Common Law Invasion of Privacy**

**(Plaintiffs v. All Defendants)**

50. Plaintiffs re-allege and incorporate herein all the allegations in the preceding paragraphs.

51. Plaintiffs had a reasonable expectation of privacy while engaged in regular and usual conduct for a dispatch room, in that they reasonably believed that they were free from observation by those not present in the dispatch room and were not subject to video surveillance or recording. Plaintiffs' privacy interest is one recognized by the relative customs of the time and place, the occupation of the plaintiffs and the habits of society.

52. Plaintiffs have a right to avoid disclosure of confidential personal information, including the surveillance of said plaintiffs while in ranging states of undress, and to be free from invasions of said right, while engaged in conduct regular and usual for a dispatch room.

53. Defendants' actions were unreasonable and highly offensive to the plaintiffs, and to the senses of ordinary persons. Defendants' conduct contravenes all

boundaries of decency and standards of a civilized society.

54. Defendants, by installing video surveillance in the dispatch room and secretly recording video images of plaintiffs as alleged herein, invaded plaintiffs' right to privacy and intruded upon plaintiffs' private matters and are therefore liable to plaintiffs under the laws of the State of California.

55. As a result of the aforementioned acts, plaintiffs were injured as set forth above and are entitled to compensatory damages against all Defendants.

56. Defendants Mike Cholokian and Does 1-10 acted despicably, with the intent to harm, oppress and deprive plaintiffs of their rights under the United States and California Constitutions, and the common law right to privacy entitling plaintiffs to punitive damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(Plaintiffs v. All Defendants)**

57. Defendants' conduct was extreme and outrageous, and caused plaintiffs to sustain emotional distress.

58. Defendants acted with reckless disregard of the probability that plaintiffs would suffer emotional distress.

59. As a result of the aforementioned acts, plaintiffs were injured as set forth above and are entitled to compensatory damages against all Defendants.

60. Defendants Mike Cholokian and Does 1-10 acted despicably, with the intent to harm, oppress and deprive plaintiffs of their rights under the United States and California Constitutions, and the common law right to privacy entitling plaintiffs to punitive damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for the following relief:

1. General, special, and compensatory damages against all Defendants according to proof;

2. Punitive damages against individual Defendants Mike Cholokian and Does 1-10;

3. Costs of suit;

4. Attorneys' fees under 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5, California Government Code § 800, and otherwise as permitted by law; and

5. Injunctive relief;

6. Such other and further relief as the Court deems just and proper.

DATED: October 21, 2009

Respectfully submitted,

HADSELL, STORMER, KEENY, RICHARDSON & RENICK LLP.

By ______________________
Radhika Sainath
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: October 21, 2009

Respectfully submitted,

HADSELL, STORMER, KEENY, RICHARDSON & RENICK LLP.

By ______________________
Radhika Sainath
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV09- 7656 DDP (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.



Anne Richardson, Esq. [S.B. #151541]
Radhika Sainath, Esq. [S.B. #259318]
HADSELL STORMER KEENY
RICHARDSON AND RENICK LLP
128 North Fair Oaks Avenue
Pasadena, California 91103-3664

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRACY CARTER; et al. [See attached]<br>PLAINTIFF(S)<br>v.<br>COUNTY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF PUBLIC WORKS; MIKE CHOLOKIAN; and DOES 1 through 10,<br>DEFENDANT(S). | CASE NUMBER<br>CV09 07656 DDP (Ex)<br><br>**SUMMONS** |

TO: DEFENDANT(S): County of Los Angeles; LA Dept. of Public Works; Mike Cholokian; and Does 1-10

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Anne Richardson/Radhika Sainath, whose address is HadsellStormerKeenyRichardsonRenick 128 N. Fair Oaks Ave.#204, PasadenaCA 91103. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 2 1 2009

By: CHRISTOPHER POWERS
Deputy Clerk

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# SUMMONS ATTACHMENT

**PLAINTIFFS**

TRACY CARTER; ENMA DELEON; JACKIE GENTRY; GRACE LERIGET; GLENDA MEDLOCK; MIRIAM MENDOZA; NICOLE MERCIER; MICHELLE MINJAREZ; and PABLO SANCHEZ,

PLAINTIFF(S)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TRACY CARTER; ENMA DELEON; JACKIE GENTRY; GRACE LERIGET; GLENDA MEDLOCK; MIRIAM MENDOZA; NICOLE MERCIER; MICHELLE MINJAREZ; and PABLO SANCHEZ

**DEFENDANTS**
COUNTY OF LOS ANGELES; LOS ANGELES DEPARTMENT OF PUBLIC WORKS; MIKE CHOLOKIAN; and DOES 1 through 10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Anne Richardson, Esq. [S.B. #151541]/Radhika Sainath, Esq. [S.B. #259318]
Hadsell Stormer Keeny Richardson & Renick, LLP, 128 N. Fair Oaks Ave.,
Pasadena, CA 91103, (626) 585-9600

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC §1983, Violation of 4th Amendment and rights to privacy based on covert surveillance.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☑ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV09 07656

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County adn San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** October 21, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |